(Pleito No. 134.—Fallado el 6 de Julio de 1901.)

## Olivari contra Cardi.

Recurso contra sentencia dictada por la Corte de Distrito de Ponce.

EMBARGOS.  Un acreedor tiene derecho á practicar el embargo preventivo de los bienes de un deudor, cuando de los documentos y de los actos del deudor resulta evidente que éste trata de ocultar sus bienes ó de disponer de ellos en perjuicio de aquél.

### SENTENCIA.

En la Ciudad de San Juan Bautista de Puerto Rico, á seis · de Julio de mil novecientos uno, en los autos que ante Nos penden en virtud de recurso de casación por infracción de ley, seguidos en el Tribunal del Distrito de Ponce por Don Pedro de Cardi y Novella, propietario, vecino de Yauco, representado y defendido en este Tribunal Supremo, primero, por el Letrado Don Rafael López Landrón y después por su compañero Don Juan de Guzmán Benítez, con Don Tomás Olivari, también propietario y de la misma vecindad, representado y dirigido por el Letrado Don Herminio Díaz Navarro,

sobre incidente de oposición al embargo preventivo de bienes de Cardi.—Resultando : Que á consecuencia de embargo preventivo practicado á instancia de Don Tomás Olivari en bienes de Don Pedro de Cardi, éste, en cuatro de Agosto del año próximo pasado, presentó al Tribunal de Ponce escrito de oposición en el que expuso que por auto de diez y seis de Julio anterior, dicho Tribunal había decretado por cuenta y riesgo de su acreedor, Don Tomás Olivari, embargo preventivo que éste había solicitado de sus bienes en catorce del mismo mes para garantir el cobro de un pagaré por tres mil ciento diez y ocho pesos setenta y tres centavos, vencido en veintidos de Mayo anterior y suscrito con su nombre, sin más razón que la de abrigar fundados motivos de que el deudor escondería sus bienes semovientes y trasmitiría malbaratando los inmuebles al saber que contra él se procedería judicialmente, cuya solicitud reprodujo Olivari dos días después con la adición de que Cardi daba pasos para malbaratar sus bienes, no teniendo fundamento alguno los motivos alegados por Olivari en abono de su pretensión, pues el deudor tenía domicilio conocido en el pueblo de Yauco, contaba con bienes raíces y establecimiento agrícola en la jurisdicción del Tribunal de Ponce y no se había ocultado ni realizado acto alguno ú omisión que diera motivo racional para creer que ocultaría ó malbarataría sus bienes en daño de sus acreedores; por lo que, invocando como fundamentos de derecho los artículos 1,398, por no estar comprendido en ninguno de sus casos, y 1,414 de la Ley de Enjuiciamiento Civil, solicitó se tramitara su pretensión en la forma correspondiente, recibiéndola oportunamente á prueba, y en definitiva se dejase sin efecto el embargo practicado, condenando á Olivari á la indemnización de daños y perjuicios y al pago de las costas—Resultando : Que formada pieza separada y dada comunicación á Don Tomás Olivari, la evacuó impugnando la pretensión de Don Pedro de Cardi, á cuyo fin alegó que Cardi estuvo entreteniéndolo desde el día del vencimiento de su obligación, ó sea desde el veintidós

de Mayo de mil novecientos hasta momentos después de solicitado el embargo preventivo, para de ese modo celebrar ventas ó contratos simulados ó á título gratuito, esconder bienes, ofrecerlos en venta, hipotecarlos hasta el extremo de encontrarse ya reducido á la insolvencia, pues ha presentado solicitud de espera, que más bien debiera ser de cesión de bienes; que al ser requerido Cardi de pago antes de ejecutarse el embargo preventivo, dijo que carecía de dinero efectivo, y en autos se consignó que no tenía bienes de preferente embargo, no obstante poseer ganado vacuno, caballar y asnal que no fué hallado, parte del cual ha sido vendido, y parte embargado con posterioridad á instancia de Don Jorge Romaní, íntimo amigo de Cardi y con acuerdo de éste; que Cardi llevó su osadía hasta el punto de proponerle transacción para burlarse de ella luego, creyendo que el embargo preventivo no sería anotado en el Registro de San Germán antes que lo fueran las escrituras que hizo muy recientemente con daño suyo ó pretensión de causárselo y que por tanto abundaban los motivos para el embargo preventivo impugnado, é invocando como fundamento de su derecho el artículo 1,398 de la Ley de Enjuiciamiento Civil, pues con la solicitud de embargo se presentó un pagaré del que resultaba la deuda, y existía motivo racional para creer que Cardi ocultaría ó malbarataría sus bienes en daño de su acreedor, concluyó solicitando se desestimara la oposición hecha por Cardi al embargo preventivo objeto de estas actuaciones, con imposición al mismo de las costas del incidente.—Resultando: Que recibido á prueba el incidente se practicaron las propuestas por las partes, habiendo dictado sentencia el Tribunal del Distrito de Ponce en ocho de Febrero último, por la cual dejó sin efecto el embargo preventivo practicado, condenando al actor Don Tomás Olivari al pago de todas las costas y á la indemnización de daños y perjuicios ocasionados á Don Pedro de Cardi.— Resultando: Que Don Tomás Olivari interpuso contra esa sentencia recurso de casación por infracción de ley, autori-

zado por los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, alegando como motivos: — 1º Que la venta hecha por escritura pública de dos de Julio de mil novecientos, fecha intermedia entre veinte y dos de Mayo del mismo año en que venció el vale otorgado á favor de Olivari y el diez y seis de Julio citado, en que se decretó el embargo preventivo, de una casa de la propiedad de Cardi, sita en la calle principal del poblado de Guánica, término municipal de Yauco; la hipoteca constituída por Cardi en dicho intermedio de tiempo, ó sea por escritura pública de cinco de Julio citado, sobre una finca rústica denominada "Tres Hermanos," radicada en el barrio de "Indiera" del pueblo de Maricao, para garantir una deuda de treinta y tres mil diez y siete pesos setenta y siete centavos provinciales, que Cardi confesó haber recibido de Don Alejandro Bartolomei; la no presentación cuando en diez y nueve y veinte de Julio se practicaron los embargos en Yauco y Maricao, de las cabezas de ganado que Cardi tenía inscritas á su nombre, para que de ese modo se embargaran inmuebles, sobre los que ya tenía gravámenes reales; la venta por Cardi á Bartolomei en escritura pública de treinta y uno de Julio de mil novecientos, de los frutos pendientes y por venir de tres fincas rústicas denominadas "Tres Hermanos," "Vicens" é "Isabel," ubicadas en el término municipal de Maricao, para garantir las sumas que le facilitaría Bartolomei con el fin de recolectar dichos frutos, cuyas sumas se calcularon en seis mil pesos oro; y por último el hecho de no habérsele ocurrido á Cardi realizar los actos mencionados con anterioridad al vencimiento de la obligación contraída á favor de Olivari eran hechos ó méritos más que suficientes para que el Tribunal del Distrito de Ponce hubiera estimado probado que Olivari tuvo motivos racionales para creer que Cardi trataba de ocultar sus bienes en perjuicio de aquél y al no estimarlo así cometió error de hecho en la apreciación de las pruebas constantes en documentos públicos, cuales eran las escrituras, certificaciones y diligencias de embargo

obrantes en autos.—2º Que también se cometió error de derecho en la apreciación de dichas pruebas por la Sala sentenciadora, puesto que no dió á los documentos públicos en que están constatadas su justo valor y su significación y alcance genuinos, con infracción de los artículos 1,216 y 1,218 del Código Civil.—3º Que también se cometió error de derecho al no estimar la Sala sentenciadora como fraudulentas las escrituras públicas de venta de dos y treinta y uno de Julio de mil novecientos y la hipotecaria de quince del mismo Julio, pues la circunstancia de no dar fe el Notario de la entrega del dinero á su presencia, y la de haberse verificado los contratos sin haber depositado Cardi el importe de la obligación contraída á favor de Olivari y sin haber probado que retuviera en su poder bienes bastantes con que cubrirla, además del mandamiento de embargo decretado contra Cardi, determinan la presunción establecida por el artículo 1,297 del Código Civil y por el primero de la Orden Judicial de seis de Marzo de mil ochocientos noventa y nueve, de que tales contratos son fraudulentos y simulados y de que se otorgaron con la idea exclusiva de ocultar á la acción de Olivari los bienes objeto de aquellos, infringiéndose por la Sala sentenciadora el artículo 1,250 del Código Civil, preceptivo de que las presunciones que la ley establece dispensan de toda prueba á los favorecidos por ellas.—4º Que si ha debido declararse, por haberse probado que Olivari tuvo motivos racionales suficientes para creer que Cardi trataba de ocultar sus bienes en perjuicio de aquél, es claro que al no estimarlo así el Tribunal sentenciador y al mandar levantar el embargo condenando á Olivari á indemnizar daños y perjuicios y al pago de costas, infringió el inciso último del artículo 1,398 y el párrafo 1º del artículo 1,414 de la Ley de Enjuiciamiento Civil, puesto que debió declarar sin lugar la oposición de Cardi al embargo preventivo.—Visto: Siendo Ponente el Juez Asociado Don José C. Hernández.—Considerando: Que el Tribunal sentenciador ha incurrido en los errores de hecho y de derecho que

se le atribuyen en los fundamentos 1º y 2º del recurso, puesto que de los documentos y actos que en los mismos se expresan resulta evidentemente la existencia de motivos racionalmente bastantes para temer que el deudor dejara burlada é hiciera ineficaz la acción del acreedor, sin la medida preventiva del embargo ; habiéndose infringido además en su consecuencia por falta de aplicación el artículo 1,398 de la Ley de Enjuiciamiento Civil en su inciso último y el párrafo 1º del 1,414 de la misma ley por aplicación indebida, artículos ambos citados en el 4º motivo del recurso.—Considerando : Que procediendo la casación del fallo recurrido por los motivos 1º, 2º y 4º se hace innecesario discutir el 3º, aparte de que las alegaciones que entraña son impertinentes al punto de que se debate, pues las escrituras públicas de enajenación de bienes, sin necesidad de ser fraudulentas ó simuladas, pueden ofrecer motivos racionales bastantes á un acreedor para solicitar el embargo preventivo de bienes de su deudor.— Fallamos :  Que debemos declarar y declaramos haber lugar al recurso de casación interpuesto por Don Tomás Olivari contra la sentencia que en ocho de Febrero último dictó el Tribunal del Distrito de Ponce, y en su consecuencia casamos y anulamos dicha sentencia, lo que, con la que á continuación se dicta y devolución de autos, se comunique al expresado Tribunal á los fines procedentes.—Así por esta nuestra setencia que se publicará en la *Gaceta Oficial*, lo pronunciamos, mandamos y firmamos.

José C. Hernández.—José Mª Figueras.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don José C. Hernández, celebrando audiencia pública dicho Tribunal en el día de hoy, de que certifico como Secretario sustituto, en Puerto Rico á seis de Julio de mil novecientos uno.—Eugenio Alvarez, *Secretario sustituto.*